Good morning, Your Honors. Deputy Attorney General Noah Hill, on behalf of Appellant Respondent, which I will refer to as Respondent, I will refer to Appellee Petitioner as Petitioner. May it please the Court, this is a case that arises under the AEDPA, and as such, the District Court had a duty to determine the factual determinations of the State court in light of the record that was presented to the State court. But instead, in this case, the District Court did not even know what the State court decision, the last reason State court decision was predicated upon. Instead, it held an evidentiary hearing, took additional evidence that was never presented before any State court, and found that the State court opinion was unreasonable because it lacked the benefit of an evidentiary hearing. However, this, in doing so, the District Court failed in its duty to determine the reasonableness of the State court's decision based on the evidence before the State court. If we find that the State court acted unreasonably based on the evidence that the State court had before, the ordering of an evidentiary hearing by the District court is harmless error, correct? Yes, Your Honor. I would think that that would be correct. If this Court were to determine or if the District Court had determined that the Ventura County Superior Court's reasoned opinion, the last reasoned opinion in this case, was unreasonable based on the evidence presented to that court, then, of course, the finding, the further findings taken in an evidentiary hearing would not implicate, in fact, maybe a higher charge. Kennedy. Should we go all the way back to Kern County, or should we go to the California Court of Appeal and the Supreme Court, what those courts had before them? I think that this Court should look to what was before the Ventura County Superior Court in that that was the last reasoned opinion by a State court. This is Judge Perrin's decision on the date of September 10, 1996? That's correct, Your Honor. And do you say that amounts to a decision that was predicated on an evidentiary hearing? Not to the extent that there were declarations. But there don't have to be live witnesses for it to be an evidentiary hearing. That's correct, Your Honor. And here he says the Court has reviewed, read, and considered the petition, including Exhibits 1 through 5 inclusive, the return, and the traverse. What were these Exhibits 1 through 5? Exhibits 1 through 5, Your Honor, included the Felony Disposition Report, the letter from the Ventura County District Attorney's Office to Mr. Wixel, Petitioner's attorney at trial, or in the trial court, I should say. In addition, it was the hearing, the change of plea hearing. Transcript. Transcript, the sentencing, transcript, and I believe the initial complaint. They're all referenced in the Court's findings. That's correct, Your Honor. Is there any request by this Petitioner in State court personally to appear and to testify? Not to my knowledge, Your Honor. So what we've got here is a finding of fact. The Court finds, that's the finding of fact, that the Petitioner well knew this, meaning he was pleading guilty to the higher sentence. So that's a finding of fact. And your position, I guess, is that under the under AEDPA, that that's not an unreasonable determination in the light of evidence presented in the State court proceeding? That's correct, Your Honor. 2254d. Yes, Your Honor. Would you like to give me your contract analysis and tell me what relevance it is, how is it relevant, what the Petitioner knew or did not know? If the contract were formed on December 18th, 1987, by an offer by the prosecutor calling for a written acceptance by the Petitioner for a 15-year maximum term as prepared by the prosecutor, the only relevant evidence would be whether that offer was accepted. Everything else about what the Petitioner knew or did not know would be subjective, unexpressed intent of the parties and not relevant to the formation of a contract, wouldn't it? If indeed that were correct, yes, Your Honor. Well, let's discuss the formation of a contract under California law. First of all, federal law by the Supreme Court requires that plea bargains be analyzed by the state law as to formation of contract, correct? Yes, Your Honor. Next, isn't there a formation of a contract here by the offer of the prosecutor to allow a plea of second-degree murder upon condition of two things, first, that the Petitioner accept 15 years maximum and probation for life, and second, that he perform as a good witness against the two other defendants against which the prosecutor wished him to testify? Isn't that the offer? No, it is not, Your Honor. What is the offer? The offer was to plea to second-degree murder. It is true, which carries an indeterminate term and did at the time of 15 years to life. The offer as objectively expressed by the prosecutor in his felony disposition letter, later ratified by the question and answer at the sentencing hearing in January of 1988, did not mention 15 to life. It mentioned 15 as a maximum term. We can agree on that, right? In one point of the felony disposition statement. Right. That's correct. At the point of contract formation, did it not, was not the offer, if you, if the offer was in writing, correct, it was a letter by the prosecutor to the defendant, it had attached to it a felony disposition form, it called for his acceptance, not by a telephone call, not by standing up in court and making a declaration, but by signing the felony disposition form and initialing it. That was the requested and bargained-for acceptance of the offer, correct? Yes, Your Honor, however. And that's what the Petitioner did. He initialed that in the felony disposition form in just the form and manner which the prosecutor had asked for him to acknowledge his acceptance, right? Everything after that is not relevant to the offer and acceptance, is it? Unless, of course, there's a modification, there's a novation, there's a waiver. Those are all issues which you can discuss. But the contract is formed in December of 1987, the contract we are forced by the Supreme Court jurisprudence to enforce, right? Regardless whether it is a valid sentence or not, you agree with me, De La Fuente tells us that if there's a deal made which is below the mandatory minimum, we have to accept that and that mandatory minimum is discarded, right? Yes, I would agree with that. What we have to do is apply concepts of contract formation that maybe we haven't discussed since our balmy days in law school about offer and acceptance and when the contract is made and what is the effect of subsequent declarations of the parties that may tend to modify the contract made. Do those declarations indeed modify under California law? Perhaps they do, perhaps they don't, if there's a new consideration. Was there a waiver by Mr. Buckley when he didn't stand up and object when these terms were stated in court? That's an issue to discuss. But when we concentrate on what's relevant evidence and what's reasonable to consider to find out what the contract was, all we need to look at is the letter and the man's signature, isn't that right? To some extent, that's true, Your Honor. The letter says nothing about a term and there are serious factual disputes concerning what was on the felony disposition form at the time that it was signed. Well, the district court has found, and I don't see this, maybe your position is incorrectly found, but the district court has found that the only thing that was on the felony disposition form when Buckley signed it was his signature, that the material that was put on by, was it Glynn, the prosecutor? The prosecutor was put on after he signed. That's a specific finding of the district court. The district court also finds that the notation of life is perhaps put on, is most likely put on, during the plea hearing itself. But there was no dispute about that. I mean, there's no dispute here about life for probation. Everybody accepts that. Even Mr. Buckley is willing to stay on probation for the rest of his natural life. So that's really a nonissue. But my point is this. Are you prepared to testify or are you prepared to argue? I mean, you're here to testify. That the analysis of what the contract is, that is, 15 years max, or maximum, pardon me, is an unreasonable deduction from the facts? Yes, Your Honor. Why? It is unreasonable because the Petitioner was informed at the plea hearing that the sentence was 15 years to life. It's unreasonable because his trial counsel informed him of the actual length of the plea. But does that make any difference as to the contract formation? Let me give you a case. Suppose I buy your automobile for $1,000. We agree for $1,000. And then afterwards you say, I sold the car to Judge Bayett for 1,500 in my presence, and I don't say anything. And then you tell somebody else, you sold it for $2,000 or 1,500 in my presence, and I don't say anything. Does that mean that the price is somewhat ambiguous? We've already got a deal at 1,000. What you say is what you want to say. Whether I say anything or not may be a question of waiver, but does it affect the contract that was formed? That's my point. If this Court – if the question is whether or not a contract would be formed, if that is the sole notation on the contract at the time that it's signed, I would still say that the plea hearing is the time when the plea is entered, is when the contract is formed. A plea – Why do you say that? Because are those conditions subsequent? There are conditions that have to be accepted by the Court. Those are conditions subsequent? Certainly. Now, if the person who must give the consent to a condition subsequent to court is misinformed as to the price, let's call 15 years the price, right? Yes, Your Honor. You say it's 15 to life. They say it's 15. Suppose the Court's misinformed as to the price, and the Court agrees to an erroneous price. Does that make the contract payable at the price that the Court agrees to? When the error has been fomented by the prosecution. I'm sorry. I'm not sure that I'm following the question. Well, if there is a condition subsequent approval by the Court, and I agree there is, and that condition subsequent is an error because it doesn't reflect the price bargains, right, but that error is caused by the prosecution, doesn't that relate to the fact that the prosecution has to leave the obligee of the necessity to perform the condition subsequent? If, indeed, the error were caused by the prosecution. Well, it certainly wasn't caused by the defense attorney. The defense attorney, Mr. Buckley, never said 15 to life. In fact, he did say 15 to life in numerous. Well, he said in one case when he was asked, right. In one case and in numerous letters to the Court and numerous pleadings filed in the Court. He said, I thought 15 to life meant 15 years' life on probation. Is that a reasonable understanding? And really, that's the central question that the California State Court determined, factually determined with a declaration, or at least in a varied petition from the Petitioner, with a more timely declaration from Mr. Glenn, signed in 1996, the first time that this issue was ever raised in State court, which has never been seen by the district court. The district court is making a ruling on the reasonableness of the factual determinations of the State court without knowing what the State court's determination was based on. How can the State court's determination be unreasonable if the district court doesn't know how the State court got there? Well, the the district court doesn't know. Elaborate. Because the district court has never seen the petition filed in the Ventura County Superior Court, has never seen the traverse filed by the district attorney's office, which includes a declaration of the district attorney, and has never seen the traverse filed by the Petitioner. And how do we? Excuse me, the, the. Never seen Judge Perron's decision? It has seen Judge Perron's decision. It has seen Perron's decision. That's correct.  in this case? He does, he not only does he explain it, but his opinion states that, quote, based upon the record provided by counsel in the within matter, and, and makes its findings. So wouldn't that tell the district court the basis for the decision? Yes, Your Honor. That's why I don't understand your statement that the district court didn't know the reasons for the decision. Because the district court never had those documents. Never had what documents? Exhibits one through five? No. Well, it, well, it had not, not, it did not have the petition with the exhibits attached. It did indeed have those documents. So it had one, two, three, four, five. That's correct. It did not have the petition. It did not have the traverse. It did not have the, the opposition, the return filed by the district attorney's office, which included the timely declaration of the prosecutor spelling out that there was no, at any point, offer off the record regarding an offer of a determinant term. But it did have the letter of the prosecutor and the felon's delusion form and the signature. Yes, Your Honor. Why didn't your side put this in? I mean, there was an evidentiary hearing in this case, right? That is correct, Your Honor. I'm saying, well, guess what, the district court didn't have all these things, including some of the stuff that our side put in. Well, whose fault is that? It's Petitioner's fault. When Respondent puts forth a valid State judgment, it is Petitioner's duty to demonstrate that the State judgment is unreasonable based on the evidence presented in the State court hearing. Now, if we were to go back and do this again, would I put it in? Absolutely. You bet. I didn't, in point of fact, and this is before the Court and isn't really relevant, I didn't know of it at the time. I see I have three minutes left. I'd like to reserve that for rebuttal. Please do. Good morning, Your Honors. Alan Bloom appearing on behalf of Mr. Buckley, the Petitioner in this case. Brian Buckley, in fact, did enter into a contract at that point in time when the document was presented to him and when he signed, and the details and the determination of that document was, in fact, set then and reaffirmed, I don't think, without any dispute as time went on, and it is as it was stated for a determinate term. The State court concluded differently. Judge Perrin's conclusion is different from that. He finds as a matter of fact that the Petitioner well knew that the sentence would be 15 years to life as provided by law. Actually, what Judge Perrin said was, it's clear that since he only had one – there was only one time when he said it was a determinate 15 term. And as the record is before Judge Perrin, there's only one time, and therefore, I find that that's not the case. I wouldn't use Judge Perrin, frankly, as the starting point. I don't believe it's a look-through or see-through situation for the reasons I've cited in a nutshell, because Judge Perrin's own decision makes it clear he did not have before him an absolutely key piece of evidence, the subsequent – he had one transcript, or one statement. The key, which he showed was lacking, was addressed when I came on to the case when we filed in the District Court of Appeal, when we got that transcript of Mr. Buckley's testimony at the Faulkner Penalty. Well, okay, time out. Perrin didn't have something you say was key. Yes. Why not? Who didn't give it to him? Mr. Buckley's attorney did not give that to him. Well, whose fault is that? I mean, litigation cannot be by drips and drabs and piecemeal and surprises, and now you see it, but now you do, and so the – what Judge Perrin had was everything that Mr. Buckley's attorney had placed before him. Is that right? Yes, which, frankly, was enough to make it clear. Mr. Buckley's lawyer said, here's our case. So Judge Perrin takes all of that, looks at every bit of it, and says – and makes findings of fact and says, I lose. And now you say it's defective because we didn't give him something. California law does not start with Judge Perrin's decision and appeal that to go up. California law says we could have brought this at any point under the original jurisdiction of each of the courts, District Court of Appeal or the California Supreme Court. That's not moving me, because you've got a finding of fact here from the superior court based on the full record submitted by your side. And the finding of fact says, we look at all of this kind of stuff, and I find that Petitioner well knew that he was looking at 15 years to life, and guess what? I'm also taking judicial notice of his statement in his Petition for Writ of Appeal where he identified his sentence as 15 years to life. Please bargain. Now, under EDCA, don't we have to look at this and determine whether this was an unreasonable application somehow or other? Three questions you ask. First, the last question, do you have to start at that point? And I say no, because California has a very unique law. California law allows for original jurisdiction in every one of the other courts. This Court is to take a look at the final decision in the – within the California State court. 2254 – excuse me – 2254d talks about result in a decision that was based on an unreasonable determination of the facts in the light of the evidence presented in the State court proceeding. And what I see is the evidence presented in the State court proceeding by your side finding that he knew it was 15 to life. And I say – I haven't gotten to point two and three, but on that point, I say the evidence presented to the California Supreme Court would find that any finding to the contrary that it was – that he didn't believe it was 15, a term of 15, would be unreasonable. I say that the – The California Supreme Court didn't say a word about this, did it? The California Supreme Court denied it having the full record before them. They did not issue an opinion. Counsel, we look at the last reasoned decision. So how can you say that the California Supreme Court decision was a reasoned decision if it gave no analysis of the issue? Yielst, which I don't know how to pronounce. I guess it's Yielst, Y-L-S-T. It's hard to look through – look through the last reasoned decision. Yielst is the way it's spelled, but I don't know what you're talking about. Okay. Thank you. Yielst dealt with a situation where all the facts that were presented in the lower court were subsequently carried through without any changes through each of the subsequent courts, and you look through for that reason. That's not the situation here. The focus is on the reasoned part, whether the decision was reasoned. In my view, it doesn't matter what the evidence was that was given to the Supreme Court. If the Supreme Court didn't address it, it's not a reasoned decision. Well, if you have no reasoned decision at all – Lower level, and you keep going down until you have a reasoned decision. Only because Yielst says so, and Yielst was based on the fact where they – in each of the courts, as they went down, had the same set of facts. So are you telling us that you could have had a full evidentiary hearing at the trial court level, witnesses all over the place, six months, declarations, experts, everything under the sun, you lose. Court comes out and says, you lose. I make all these findings of fact against you. And you can simply undercut that by then going to the Supreme Court and adding a fact you didn't put in before? You'd say yes. And, therefore, this goes under EDPA. It's out the window because you added a fact later on? Is that the way this game works? It's not a game. It is if you can just add a fact and blow out Federal law. I still haven't gotten to points two and three, so I'm going to go back to this, though. But on this point, I don't think it's a game. The Supreme Court judge in this case made a specific foundational basis, which I think was unreasonable in this case, that Mr. Buckley didn't have this understanding. So point two is that I think his decision alone is unreasonable based on the record. His finding was unreasonable. He didn't – he made a determination based on transcripts, on the records. He didn't do anything regarding a credibility. There was no question. Did your client ask to testify? Yes. By operation of law, it is in California in the Duval case, cited by the people – by Respondent and by us, it is a request, when you make a petition, that you have an evidentiary hearing. California law says so. So by filing that petition with supporting declarations – That's an evidentiary hearing. Yes. I'm asking, did you – did your side ask for your client to be able to testify? Well, when you make the presentation – No, wait a minute. I think the answer is yes, Judge, because – By operation of law. That's not what I'm asking. Did your side ask to augment the record beyond what it presented to this judge? Yes or no? To the parent – Judge Parent? Yeah. No. No, but it's – but I don't shake – put my hands up at that, because California law says you don't have to. California law says you don't have to. Federal law says you have to. It says the last reasoned decision. The last reasoned decision within the California law – the petition went before Judge Parent requesting the opportunity to have an evidentiary hearing under California law. When someone puts in a petition and someone supports it with their declarations, that's requesting it. Judge Parent said no to that request. Did you appeal, claiming that you were denied your right to an evidentiary hearing? One doesn't appeal. One can't appeal. Did you appeal, claiming you were denied your right to an evidentiary hearing? In the only way available, the answer is yes, because there is nothing – Yes means no in your lexicon. You didn't. Judge, there is no method to appeal from a superior court decision, other than by filing a – another petition with the court of appeal, which, yes, we did do. And did you claim that you were denied your right to an evidentiary hearing? We asked for an evidentiary hearing and claimed and presented the full set of facts to them. New facts. New facts. A new and terribly critical fact. The transcript of the plea hearing where he's asked, do you accept 15 years maximum, and he says yes. That's what you claim. Yes. It actually was defensive. Isn't that irrelevant to contract formation? Actually, it is irrelevant. It is irrelevant. It just supports his position at it. What's relevant was the offer that was made at the time. And so I say that Judge Parent's decision was unreasonable without any change, without a change from the Federalist Commission. It was unreasonable because he didn't have something that was irrelevant? No. It's unreasonable based upon the contract materials he had in front of him. Just the materials that Judge Parent had before him for him to conclude that Mr. Buckley, at that time, he's an older gentleman now, having been in prison for a long time, but at that time was a 22-year-old young man, never been in trouble before, had a parking and some traffic tickets. For him, Judge Parent to conclude based on that record, not what came out of the evidentiary hearing and not even what came out at his at Faubourg's penalty trial hearing, but on that record, it was unreasonable to conclude that he did not – that the term was not reasonably believed to be a determinate term of 15 years. Counsel, what do we do with the required deference that we must give to factual findings of State courts? If they're unreasonable, this Court is – EDPA says – you ought to follow EDPA, which says disregard them if they're unreasonable. And I say this is clearly unreasonable. If there's a – if it's ambiguous, how could it possibly be unreasonable? I mean, there's – this goes two different ways. The judge looked at this, and based on some aspects of it said, I conclude that he did know. It goes one way. I submit to Your Honor, it goes – at the point in time that their contract was formed in this case, it was clear that the term was – it's not ambiguous, it's written down. It's written down. Fifteen-year term followed by a period of parole for life. So your argument is that the court could not look at anything other than that snapshot in time to determine what the terms of the plea agreement was? No. They could have if they wanted to, but he didn't grant us the hearing that we asked for. It could have been – you could – you must look to the formation of the contract. Based on the record before Judge Perrin, there's only one reasonable conclusion that this could be. But Judge Perrin did not just look at that one snapshot. He talked about exhibits. So is it your position that he could not consider those exhibits in deciding what the parameters of the plea agreement were? He could consider them, but the key issue is whether or not they're relevant to changing the contract itself. The contract itself was formed. The record before Judge Perrin makes it very clear that the only reasonable conclusion is that the contract is a determinant 15 years followed by life on parole. So Judge Perrin did not – in considering those other documents, they couldn't – you're saying that they were irrelevant for purposes of him determining what the contract was? To determine the existence of the contract. Then you determine other factors, like determinant of a waiver or other conditions or something like that or changes. But in terms of the creation of the contract, the document itself, it's a contract or it's not a contract. And none of these things afterwards will change that. But in California law, if the contract is – if circumstances show that the contract is ambiguous, can't a court look at other circumstances, other documents to determine what the intent of the parties was in negotiating and finalizing that contract? So why doesn't that doctrine validate the approach used by Judge Perrin? Mr. Glynn to Mr. Buckley, your term is going to be 15 years or it might be more than that. That's ambiguous. You have to go to other things. Mr. Glynn to Mr. Buckley, your term is a determinant 15 years followed by a period of life on parole. There is nothing – there is nothing that's unclear about that. The only thing that's unclear about that is because Mr. Glynn had knowledge Mr. Buckley didn't have and that the lawyers had knowledge that Mr. Buckley didn't have, that there is no such thing in California law as a determinant 15-year term for murder too. But that's not Mr. Buckley's fault. As you said in Brown v. Poole, that's the fault of the person who made the agreement. That's the fault of the government who said this. You can't blame Mr. Buckley. Who then thereafter went ahead, put his life at risk, facing a different kind of death penalty, the kind that can happen when you're in 15 years in prison and retaliated because you helped the prosecutor in his testimony. But in California law, when is the plea agreement consummated? The plea agreement could be considered consummated at various different times, I have to admit. I think it could be – plea agreement is not the question of contract, though. Here we're operating under a contract. But if the answer to your – the Court's question is to – It's a plea agreement contract? It's a plea agreement – as I interpret your question, a plea agreement, I think actually at the point in time when Mr. Buckley gets sentenced, I guess that's the completion of the plea agreement. But not at – but that's not the – the United States Supreme Court does evaluate this under contract law. And the formation of the contract is made at the point when there's offer, acceptance and consideration, and that was done. And when the parties agree upon the terms. Of course the parties have to agree upon the terms. And it's a reasonable understanding of what those terms are. And I would submit it is unreasonable. If you're 22 years – The thing is, if the prosecution in his mind had an indeterminate 15-year sentence and the defendant had a different one, was it – was it contractual? I think that when you have – I would have to go back to Boston University in 1975 when I last took contracts before Dean Siskin. The objective manifestation of the intent of the parties is what governs it. The subjective misunderstanding of the terms unexpressed do not form part of the offer and acceptance protocol. Would you agree? I do. And I – I'm sorry. What was the objective manifestation in this case at the point where the plea agreement was consummated in your view? What were the objective manifestations? On behalf of Mr. Buckley, he's been told that his 15-year term, 22-year-old kid, never had any trouble, never had anything like that, hadn't entered a plea of any kind in the past, and was told – and it says right on the form, I look at this form, it says 15 terms and followed by life. By the way, Mr. Glynn himself testified at this evidence hearing. So in answer to Judge Rawlinson's question, in December of 1987, when the contract was signed by Mr. Buckley. Yes. That's objective. On the part of the prosecution, I think the objective manifestation of it was that that term says, signed by Mr. Glynn, initialed by Mr. Glynn, term of 15 years. Nothing had been written in the prosecution. Right? Yes. No, that's not so. It was written at that point.  15 years. Sure. When he signed it, 15 years. The life wasn't written, but the 15 years was. That's right. No, the life was written on January 4th, but the 15-year term was written there. Actually, in the middle of the hearing, he turns to the judge and says, I'm not sure what the parole period is for this judge. Could you tell us? And the sentencing judge says 15, so he puts in followed by term of life on parole. But at the time of – that he filled out the form, the determinant term was 15. And by the way, we don't have to guess about what was Mr. Glynn's view on this, because he testified at the evidentiary hearing that if he was a young man, 22 years of age, presented with this document, without the knowledge that there's not – that he has as an attorney about the 15 years to life, he himself would have believed that it was a term of 15 years. Now, how much – how much more could you expect Mr. Buckley to believe that and bargain for that and accept that? The problem I have is the district court, the California court's findings to the contrary. The California – And the deference that we have to give to that. If I were to decide the case de novo, I understand your arguments, but we're not. Okay. I have – I go back. I think this Court can decide. I think the evidentiary hearing is entirely proper. The Federal evidentiary hearing is entirely proper. I don't concede for a moment that it isn't. I concede that the facts were sufficient without it, but I believe it was entirely proper to have it, and I believe – and I also believe, and I know the Court doesn't, but I think that when you go ahead and clarify and rectify an error that some other court decides, you're missing something critical here. I'm basing my decision, says Judge Perrin, on the fact that there's a single transcript, a single document that says that his belief is a determinate term. When you correct that and give that – the Court a chance to have now the full facts, you're not just adding something insignificant, like the Court had mentioned in its scenario days and days of testimony and then decide to change the whole thing with some insignificant additional piece of information. You're now presenting the very key missing link that a judge says he was – had that a judge said that he was missing. That's the problem. Litigation begins to look more like a degenerative disease than a process designed to figure out the right result. California law doesn't tell us. California law says that when you're going to file a petition, if there was a procedure for appealing it and doing it and going back, okay, but this is the way California law says it sets it up. So this is all I'm left with. What could I do? I couldn't do anything else. Alito, but the original lawyer wasn't. That original lawyer should have done this. But California law – Massachusetts and other States have these sort of lower courts that sometimes handle it, and then you can start all over again in the next higher court. In effect, when you have a writ system, that's what you have in California. So this is a procedure which was only available – California made its procedure. They talk about when should you have an evidentiary hearing, when the State doesn't give you the chance to present all the facts. In effect, I think the presentation of these facts were – and the request for the evidentiary hearing was made and should be stuck at the Supreme Court. But I don't want to leave it at that, because I know the Court disagrees with that. I – We don't disagree with anything. We're simply discussing with you the case. We're just testing theories and asking questions. I – okay. I would leave behind a concern that the Court might feel that the judge parent's decision must control. Judge parent's decision, I believe, is conclusion in and of itself is unreasonable when it takes a very specific and clear determination of what the offer was, what the acceptance was, and what the consideration is, and says that that means something else. What about the judicial notice that he takes of the statement in the petitioner's own hand that his sentence was 15 to life, please bargain? Isn't that an expression shortly after the fact by your client that he understood his sentence to be 15 to life, please bargain? Is there – is there relevance to that? The question is whether or not there was acceptance or was there a contract at the time of formation. However, if you want to say, doesn't that give us a window to what really was going on at that time or what was – what was the thinking to show if there was a reasonable manifestation or something like that, the answer to that is 15 years to life means exactly what it means on that form. You get 15 years determinant followed by a life on parole. That's exactly what it says on that form. Why is it – why is it reasonable to say that 15-year indeterminant followed by a life on parole shouldn't be expressed as 15 to life? I don't think that's unreasonable for a young kid to have come to that conclusion. And we – if you want to look back to see windows, we know what was really going on. And Mr. Glynn has really a hard time coming forward on behalf of the government and making some comment. It was at that hearing, which he never once – at that hearing of the petition, Mr. Glynn presented certain materials. He never once presented the transcript of the – I'm sorry. I'm jumping ahead. That one statement that the Court comes from in terms of that 15 to life comes from a declaration presented with Mr. Glynn's materials that went to – to Judge Perrin. And Mr. Glynn is very disingenuous to have presented the one that helps him when he was sitting in the very courtroom where Mr. Buckley testified and said, I'm getting 7-1⁄2 years, meaning half of the 15 as my sentence, when he was cross-examined by Fauber's lawyer. He never made that presentation. Kennedy. What are the consequences to your client of losing this case? Verrilli, Jr. Well, he won't sit in this courtroom. He will – he won't have been out a year and done what he's done for the last 15 years of being as good as he possibly can be. He'll be sent back to prison. Thank you, counsel. Or the plea will be withdrawn and he can go to trial. Yes, or he could have the plea withdrawn and he could go to trial at some late stage. And even Mr. Glynn comes forward, who's not – and says that he deserves to be out of custody, but Mr. – but the – but the government, I guess, could put him back into trial if that's one of the options that's given. Thank you very much. Thank you. The key issue in this case is the reasonableness of the state court, the Ventura County Court's reasoned opinion. And Petitioner keeps focusing on this missing evidence that that court didn't have and focus – calls it critical, terribly critical. That piece of evidence was the Petitioner's testimony at the penalty phase of the Fauber case in which he said that he expected to be released from prison in seven and a half years. That expectation at that time was wholly consistent with an indeterminate term of 15 years to life under California law, which I've explained at length in both the appellant's brief and in the reply brief. That document is meaningless in finding out what the Petitioner thought about what his sentence was. Scores of defendants had that same expectation. If you look to this Court's own opinion in Brown, you'll see that they talked about a seven and a half year release date at the time. California law was – was not settled. Neither the district attorney or defense counsel would have known necessarily what the parole period was. So that seven and a half years isn't telling. It isn't a smoking gun. It isn't something that changes one analysis from one court to another in the California system. I would also point out that one can indeed appeal under California law from the denial of a petition for writ of habeas corpus. In addition, and this is pointed out in the Respondent's brief, or excuse me, Appellant's brief, reply brief, that California law contemplates that a trial court that gets a petition from a defendant give a reasoned opinion for the express purpose of assisting the appellate court when a separate petition is filed therein. And there's no similar requirement for the court of appeal in California. You can have a postcard denial. You can have a flat denial. So in this case, the reasoned opinion, the factual determinations were made by the Ventura County Superior Court. Counsel, do you agree with the opposing counsel that the contract, namely the plea agreement, was formed at the time when the 15-year offer was made and accepted? No, Your Honor. I don't agree that a 15-year offer was made. But assuming that one was, assuming that it was written on the form, no. I would say that the agreement, if there was an agreement then, came when at sentencing or when the plea was accepted, when constitutional rights were waived, when the court accepted the defendant's plea. Now, what's your best case authority under California law that the contract is formed at the time the plea agreement is accepted by the court? I apologize to the court. I don't have case authority for that proposition at this moment. That's a critical point to me. But anyway, go ahead. I see, actually, that my time is up, unless the court has further questions. Tell me about the exact remedy in this case. There being no other adequate remedy, petitioner is entitled to immediate release no later than the expiration of his 15-year term. Although the court cannot determine the precise date, it appears that petitioner's sentence will expire in the very near future if it is not done, if it's not already done so. So how is it that the petitioner was released from prison? The Department of Corrections makes, made the determination of the, of the time calculations. It's my understanding that the petitioner had already served the 15 years. So he served his sentence in that respect. It was almost within give or take, but I'm quite sure that he's already done that period of time. Did the prosecutor testify at the federal evidentiary hearing that it's his opinion that that's enough, that he's done his time in connection with what this crime was all about in his service to the people? No, I don't believe that that testimony was offered at the evidentiary hearing, nor do I think that it's relevant to this court's determination. Well, what's this case all about, other than the legalities? I mean, what's your ultimate objective? I mean, is this lawyers tangled up in legal technicalities, or are you on some sort of a State-approved process to put him back in prison? Frankly, Your Honor, this Court, or I, I can only speak for myself in this regard. We disagree with the manner in which the district court reached the decision in this case. This does not speak to Respondent's opinion or the Attorney General's opinion or the Ventura County District Attorney's opinion on whether or not Mr. Buckley should ever be returned to State custody. How will that decision be made? Well, it depends on the remedy that's ordered either by this Court or by the Ventura County District Court. If we undo what Judge Letts did, what happens then? Depends on the manner in which this Court undoes. If this Court simply reverses, says petition denied, then it would be up to the parole board, and you'd have to go through that process. And Mr. And he would have to go through that process. And I agree with Counsel for Petitioner's statement that Mr. Glenn, the district attorney prosecuting the case, holds a personal opinion that the petitioner should be paroled. And he's been out for how long? Just, it should be a year within a few days. I think the 13th of last year. And didn't the investigator also make a statement at the, the district attorney's investigator make a statement that at all times, 15 years max, was what was being talked about? That was the recollection of the investigator, yes. Do you have anything else? No, Your Honor. Thank you very much. The case just argued is, is order submitted.
judges: Rawlinson, Trott, Bea